Aziz–Ur–Rahman RAHMANI, a.k.a. Aziz Rahman; Wanda Rahmani; David Rahmani; Angela Rahmani, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 96–70514, INS A72–009–841, INS A72–099–842, INS A72–009–843, INS A72–009–844.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2002 *.

Decided Feb. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before GOODWIN, SNEED and TROTT, Circuit Judges.

## MEMORANDUM **

Aziz Rahmani ("Mr.Rahmani"), his wife, Wanda, and two children, David and Angela, appeal the Board of Immigration Appeals' ("BIA") affirmation of the immigration judge's ("IJ") denial of asylum based on Mr. Rahmani's firm resettlement in Germany. Because we find that substantial evidence supports the IJ's finding, we affirm.

1.  Standard of Review.

We review factual determinations of an applicant's statutory eligibility for asylum under an extremely deferential "substantial evidence" standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To obtain reversal, Mr. Rahmani must show that "the evidence not only *supports* [his] conclusion, but *compels* it." *Id.; Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

2.  Substantial Evidence Supports the IJ's Decision.

Here, the evidence demonstrates that Mr. Rahmani lived in Germany for ten years and renewed his refugee status five times without difficulty. The Rahmanis lived in a nice, clean, three bedroom apartment, and Mr. Rahmani was continuously employed while living in Germany. The Rahmanis were allowed to own a car and other personal property. Mr. Rahmani traveled outside the country and re-entered without problem. His children were eligible for free education, and the entire family was covered by health benefits through Mr. Rahmani's employer. In addition, Mr. Rahmani was eligible for German citizenship after living in the country an additional five years. In large part, Mr. Rahmani held the same rights and privileges as any other resident in Germany.

Mr. Rahmani's experiences with individual acts of discrimination by racist groups and xenophobic citizens do not compel a finding that the German government "substantially and consciously restricted" his residence and precluded resettlement. 8 C.F.R. § 208.15(b). Furthermore, Mr. Rahmani's conscious decision to allow his travel documents to expire does not compel a finding that Mr. Rahmani had not firmly resettled in Germany. *Vang v. INS,* 146 F.3d 1114, 1117 (9th Cir.1998); *Yang v. INS,* 79 F.3d 932, 939 (9th Cir.1996). Finally, the federal regulation that bars asylum to those individuals who firmly resettle in a country prior to moving to the United States is not ultra vires. *See Yang,* 79 F.3d at 939.

The IJ's factual findings support a conclusion of firm resettlement, and Mr. Rahmani has not demonstrated that a contrary conclusion is compelled on these facts.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.